UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
KEITH R. DOHERTY,

                    Plaintiff,                    **MEMORANDUM AND ORDER**

        -against-                                 Case No. 2:14-cv-02933 (FB) (ARL)

THE COUNTY OF SUFFOLK,
DETECTIVE THOMAS WALSH,
CORRECTION OFFICER KEANE,
CORRECTION OFFICER NICK DOE
[Shield No. Unknown] and
CORRECTION OFFICER JOHN DOE
in their individual and official capacities
as Peace Officers employed by the
County of Suffolk,
                    Defendants.
-----------------------------------------------x

*Appearances*:
*For the Plaintiff*:                              *For the Defendants*:
FRANK C. PANETTA, SR                             ARLENE S. ZWILLING
Panetta Aminov, P.C.                             Suffolk County Attorney
670 Main Street                                  P.O. Box 6100
Islip, NY 11751                                  H. Lee Dennison Building
                                                 100 Veterans Memorial Highway
                                                 Hauppauge, NY 11788

**BLOCK, Senior District Judge:**

        In this federal question civil rights action regarding a New York inmate who

was assaulted in prison after he offered evidence against several of his fellow

inmates, Defendants the County of Suffolk, Correction Officer Keane (first name

unknown), and Detective Thomas Walsh (collectively, "Defendants") move for

summary judgment on Plaintiff Keith Doherty's claims for deliberate indifference under § 1983 and for negligence.

For the following reasons, Defendants' motion for summary judgment is granted in part and denied in part.

## I.   BACKGROUND

The following facts are taken from the pleadings, the parties' Rule 56.1 statements, and the supporting documentation.   The facts are undisputed unless otherwise noted.

Plaintiff was incarcerated multiple times at the Suffolk County Correctional Facility ("SCCF") between 2011 and 2013.   During his incarceration, Plaintiff obtained information from three of his fellow inmates about their roles in two pending homicide cases: from Joseph DeFelice and David Newbeck regarding their alleged involvement in a pending homicide being investigated by Suffolk County Police Department ("SCPD"); and from Raed Innab regarding his role in a homicide being investigated by the New York State Police ("NYSP").   He was subsequently interviewed by NYSP investigators about Innab, and by Defendant Walsh about Newbeck and DeFelice.   At his interview, Walsh asked the attending correction officer to take care of Plaintiff's safety, and specified Plaintiff should be called out "immediately" if he ever raised a security issue to one of the correction officers.

Defs' Rule 56.1 Statement ¶ 10.  Plaintiff asserts in his deposition that, after the interviews, a permanent "keep separate order" was issued, such that SCCF would keep him apart from Innab, DeFelice, and Newbeck.

Plaintiff was released from the SCCF on March 19, 2013, having completed his sentence.  He was reincarcerated on May 3, 2013.  At that time, Innab, DeFelice, and Newbeck were all still incarcerated at SCCF.  Upon arrival at the prison, Plaintiff asserts that he warned the correction officer who conducted his classification interview about his permanent "keep separate order" and that he needed to be kept apart from Innab, DeFelice, and Newbeck.

After being initially housed apart from Innab, DeFelice, and Newbeck, Plaintiff was moved to where Innab was located.  As soon as he walked into the area, Innab called him a "rat," told him that he could not live there, and said that Plaintiff needed to get out of there.  According to Plaintiff, he told an officer about the threat, who made a phone call to security on his behalf, but neither Plaintiff nor Innab were moved.  The next day, Plaintiff asserts he met with Defendant Keane, who was in charge of Plaintiff's classification and housing location.  According to Plaintiff, he told Keane that he had been threatened by Innab and that he had to move out of his current housing area.  Plaintiff asserts that Defendant Keane told him that she had nowhere to put him, and that she sent him back to the same housing area.  Plaintiff

3

additionally asserts that Keane called Plaintiff a snitch in front of the other correction officers. Plaintiff concedes that he did not file any grievances regarding Defendant Keane's decision to send him back to the same housing area as Innab.

Three days later, Plaintiff was violently assaulted by three inmates while he was sleeping. He alleges that his assailants beat him using bars of soaps stuffed into socks for approximately fifteen minutes before a guard broke them up. Plaintiff asserts that he saw and heard Innab nearby during the assault, egging on his assailants. Plaintiff was subsequently taken to a hospital and received stitches on his face. He alleges that his assailants fractured his orbital bone and broke his nose.

When he came back from the hospital, Plaintiff was placed in the observation bay — a separate part of the jail with higher security. On July 10, 2013, Plaintiff was moved to Nassau County Correctional Facility pursuant to a substitute jail order. He was released on August 9, 2013, having completed his sentence.

## II. DISCUSSION

### a. Standard of Review

Summary judgement is appropriate only if the pleadings, the discovery materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the court must resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom

4

summary judgment is sought.  *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010).

**b.  Plaintiff's § 1983 Claims**

A deliberate indifference claim for a pre-trial detainee is governed by the Due Process Clause of the Fourteenth Amendment, *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017), which requires that officers "take reasonable measures to guarantee the safety of the inmates," including by protecting "prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994).  Under the Fourteenth Amendment, a detainee's rights are "at least as great as the Eighth Amendment protections available to a convicted prisoner." *Darnell*, 849 F.3d at 29. To prove the detainee's claim, the detainee must satisfy two conditions: (1) that the challenged conditions "were sufficiently serious to constitute objective deprivations of the right to due process," and (2) that the officer in question acted with "at least deliberate indifference to the challenged conditions." *Id.*

Regarding the first condition, severe injuries caused by an unprovoked attack are sufficient to show that a detainee's conditions were sufficiently serious to deprive the detainee of his rights.  *See Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 617, 620 (2d Cir. 1996) (affirming that objective prong was satisfied where inmate was subject to unprovoked attacks by other inmates); *see also Warren v. Goord*, 579 F. Supp. 2d 488, 494 (S.D.N.Y. 2008), aff'd, 368 F. App'x 161 (2d Cir. 2010)

5

(accord).  Here, it is uncontested that Plaintiff suffered an undisputedly unprovoked attack, and his alleged injuries included stitches on his face, a broken nose, and a fractured orbital — enough for a reasonable jury to conclude that he faced a "substantial risk of serious harm." *Farmer*, 511 U.S. at 834.

Regarding the second condition, a detainee may prove that an officer acted with deliberate indifference by showing that the officer "recklessly failed to act with reasonable care to mitigate the risk that the condition posed . . . even though the [] official knew, or should have known, that the condition posed an excessive risk." *Darnell*, 849 F.3d at 35.

Here, there is no evidence in the record that Defendant Walsh recklessly failed to mitigate the risk to Plaintiff.  After Walsh interviewed Plaintiff, he asked the attending SCCF officer to ensure that Plaintiff was kept safe.  He had no further role in Plaintiff's housing at SCCF.  Under these facts, no reasonable jury could find that Walsh acted with deliberate indifference towards Plaintiff; accordingly, Plaintiff's claim against Walsh is dismissed.

Regarding Keane, Defendants argue that Plaintiff cannot show deliberate indifference because he does not assert that Keane knew of any threat posed by Plaintiff's fellow inmates.  But Plaintiff asserted in his deposition that he met with Keane the day after he was first threatened by Innab, and that he told her about

6

Innab's threat.  Plaintiff additionally alleges that a permanent "keep separate order" was in place for him to be housed separately, and that Officer Keane called him a snitch in front of other correction officers.  If true, a reasonable jury could infer that Keane knew that: (i) Plaintiff had provided information about Innab with regard to a pending investigation; (ii) Plaintiff was housed with Innab; (iii) Innab posed a specific threat to Plaintiff; and (iv) that Innab had in fact threatened Plaintiff.  This is sufficient to raise a triable issue of fact: if Keane knew this information but failed to take reasonable action to send Plaintiff to a different unit, then she conceivably acted with reckless disregard to the risk Plaintiff faced being in the same unit as Innab.  Accordingly, Defendants' motion for summary judgment on Plaintiff's § 1983 claim against Keane is denied.[1]

### i.  Qualified Immunity

In light of the identified question of fact, the Court must consider Defendants' additional grounds for granting summary judgment on Plaintiff's claims.  The Court turns first to Defendants' argument that Keane is entitled to qualified immunity.

Officials are entitled to summary judgment on qualified immunity grounds if they can establish that either: (1) a constitutional right was not violated, or (2) the

---

[1] Defendants additionally seek summary judgment because Plaintiff cannot prove *Monell* liability for the alleged § 1983 violations.  Their motion is academic because there is no *Monnell* claim pled in this action.

right was not clearly established at the time of the violation. *Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014) (citing *Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014)). To be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violate[d] that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). This shields objectively reasonable conduct "in light of the legal rules that were clearly established at the time." *Winfield v. Trottier*, 710 F.3d 49, 53 (2d Cir. 2013) (citations omitted).

To determine whether the relevant law was "clearly established" a court will consider "the specificity with which a right is defined, the existence of Supreme Court or Court of Appeals case law on the subject, and the understanding of a reasonable officer in light of preexisting law." *Terebesi v. Torreso*, 764 F.3d 217, 231 (2d Cir. 2014). There need not be a case directly on point, but "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 230.

For the reasons explained, disputed material facts preclude Keane from showing that she did not deprive Plaintiff of his rights under the Fourteenth Amendment. Likewise, it was clearly established at the time of the incident that a correction officer had a "duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (1994) (recognizing that, "as the lower

courts have uniformly held, and as we have assumed, prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners") (quotation omitted); *Hayes*, 84 F.3d at 621 (reversing summary judgment on deliberate indifference claim where plaintiff alleged that he identified threats from other inmates to correction officer, and officer could have known of a substantial risk of harm to plaintiff but failed to take "any protective measures . . . prior to the [] attack"). Accordingly, in light of the disputed material facts concerning Keane's conduct, Defendants' motion for summary judgment on qualified immunity is denied.

### ii. Exhaustion of Administrative Remedies

No inmate may bring an action with respect to prison conditions under § 1983 without first exhausting their administrative remedies. Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2013); *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) ("unexhausted claims may not be pursued [by inmates] in federal court."). Here, the parties do not dispute that SCCF's grievance process was applicable, only whether Plaintiff could have in fact filed a grievance regarding "a threat to his safety from Innab, DeFelice, Newbeck, [his assailants], his treatment by the Classification Unit, or his being assigned housing in 1 South/East." Defs' Mem. of L. in Supp. of Mot. for Summ. J. 6.

SCCF's 2013 grievance process specifies four circumstances that are not grievable: (1) actual penalties, sanctions, and surcharges resulting from disciplinary hearings; (2) administrative segregation housing decisions; (3) issues that are outside the Warden's control; and (4) complaints pertaining to an inmate other than the inmate filing the grievance. Although Defendants correctly argue that classification is not listed as a non-grievable offense under the policy, the Court cannot determine as a matter of law that Plaintiff would have been able to file a grievance about threats to his safety from his fellow inmates. Under SCCF's policy, Plaintiff was prohibited from filing a grievance that pertained to another inmate, and any grievance regarding the underlying facts of Plaintiff's claims would have necessarily involved Innab. *See Alvarino v. DeMarco*, No. 16-CV-1046 (NG)(RER), 2021 WL 2571231, at *5 (E.D.N.Y. June 23, 2021) (declining to grant summary judgment on failure to exhaust claims of deliberate indifference regarding assault by another inmate because grievance policy did "not require inmates to grieve 'complaints about other inmates'") (citation omitted). Accordingly, Defendants' motion for summary judgment on this ground is denied.

### iii. Statute of Limitations

Defendants also assert that Plaintiff's claims against Keane are time-barred under the statute of limitations because she was not properly named until the Second Amended Complaint. But Defendants point to no change in the description of Keane

10

between the First Amended Complaint and the Second Amended Complaint — nor can they because the Complaints are identical in that respect. Defendants only argue that Keane was not summoned until the Second Amended Complaint, thereby conceding that she was named correctly. That Keane was not served with a summons until July 17, 2019, is immaterial; pursuant to Rule 3 of the Federal Rules of Civil Procedure, lawsuits are commenced in federal court — and the statute of limitations stopped — by the filing of the complaint. Defendants' motion is denied.[2]

### c. Plaintiff's Negligence Claim

#### i. Notice of Claim

Under New York State law, a plaintiff must file a notice of claim within 90 days after the claim arises to sue a municipality. *See Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999) (citing N.Y. Gen. Mun. L. § 50-e). Federal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement. *Dingle v. City of New York*, 728 F. Supp. 2d 332, 348-49 (S.D.N.Y. 2010). Plaintiff bears the burden of "pleading and proving compliance with the notice of claim

---

[2] The First Amended Complaint and the Second Amended Complaint each name two additional "doe" correction officers as defendants. As the Statute of Limitations against these unnamed Defendants has long expired, and because Plaintiff has made no showing of any relation back, the Court deems the claims against them to be abandoned. For this reason, the claims against Nick Doe and John Doe are dismissed.

requirement." *Rattner v. Plan. Comm'n of Vill. of Pleasantville*, 548 N.Y.S.2d 943, 948 (2d Dep't 1989).

Here, Plaintiff has not met his burden.  He alleged in his Complaint upon information and belief that he filed a Notice of Claim regarding the current action but proffers no additional evidence that any such claim was ever filed.  Absent a minimal showing, the Court cannot determine that Plaintiff has satisfied the strict Notice of Claim requirement and is therefore without jurisdiction to address Plaintiff's state law negligence claim.  Accordingly, this claim is dismissed.

### III.   CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted on Plaintiff's § 1983 claims against Walsh, Nick Doe, and John Doe; accordingly, those claims are dismissed.  Defendants' motion for summary judgment on Plaintiff's claim § 1983 against Keane is denied; consequently, trial will be held to determine whether Keane knew or should have known that Plaintiff had offered information against Innab, that Plaintiff was under a "keep separate order" with regard to Innab, that Plaintiff faced a specific threat from Innab, and whether Keane recklessly disregarded this risk by sending Plaintiff back to Innab's housing unit.

Defendants' motion for summary judgment on Plaintiff's negligence claim against Suffolk County is granted; accordingly, Plaintiff's claim against Suffolk County is dismissed.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 14, 2023